UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**AVELINO ABEIJON,** individually,

      Plaintiff,

v.                                   CASE NO.:

**AKAL SECURITY, INC.**, a Foreign Profit Corporation,
**DOYON GOVERNMENT CONTRACTING, INC.**,
a Foreign Profit Corporation,

      Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Avelino Abeijon, brings this action and complaint for damages and demand for jury trial against Defendants, Akal Security, Inc. ("Akal") and Doyon Government Contracting, Inc. ("Doyon") (collectively "Defendants" or "Doyon Akal JV").

1. Plaintiff, a Cuban Caucasian male of Hispanic ancestry, brings these claims for race, ancestry, and national origin discrimination and retaliation against his former employer, Doyon and Akal, who discriminated/retaliated against, harassed, and made him endure a hostile work environment because of his race, ancestry and national origin, in violation of the Florida Civil Rights Act, Chapter 760 Fla. Stat. ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended. *42 U.S.C. § 2000e et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages and his attorneys' fees and costs.

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's Title VII and Section

1981 claims pursuant to 28 U.S.C. §§ 1331 because these claims arise under 41 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.   The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367 as these claims are so related to Plaintiff's Title VII and Section 1981 claims that they form part of the same case or controversy.

## VENUE

3.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of Florida, Defendants conduct substantial and not isolated business within the Southern District of Florida, and Defendants have agents and employees in the Southern District of Florida.

## PARTIES

4.     Plaintiff, Avelino Abeijon, is a United States citizen, a resident of the State of Florida, and resides in Miami-Dade County, Florida.   Plaintiff is a male of Caucasian Hispanic race/ancestry and Cuban national origin. Plaintiff was formerly employed by and worked for Doyon and Akal, a joint venture conducting business in Miami Dade County, Florida as "Doyon Akal JV" under a contract with the U.S. Immigration & Customs Enforcement ("ICE") to run the security at the Krome Detention Center.   Plaintiff is protected by the FCRA, Title VII and Section 1981 because:

        a.     He is of Cuban national origin;

        b.     He is a Caucasian of Hispanic Race and Ancestry;

        c.     He engaged in protected activity; particularly, he suffered discrimination, harassment, and a hostile work environment because of his national origin

2

and race/ancestry;

        d.     He objected to Defendants' unlawful behavior and adverse employment actions; and

        e.     Nothing was done to rectify any of the Defendants' discrimination, hostile work environment, adverse employment actions, or retaliation;

        f.     As a result of Plaintiff's objection to the illegal discrimination, Defendants further discriminated and/or retaliated against Plaintiff and terminated his employment.

5.     Defendant, Akal Security, Inc. is a nationwide provider of private, commercial and government security solutions.  Akal is a foreign profit corporation that has its principal place of business in New Mexico. Akal carries out substantial and not isolated business activities in the Southern District of Florida.

6.     Akal employed more than 15 employees and was at all relevant times an "employer" as envisioned by Title VII and FCRA.

7.     Akal was Plaintiff's employer as envisioned by Title VII and FCRA.

8.     Defendant, Doyon Government Contracting, Inc. is a certified contractor that specializes in providing security, construction, logistic and financial management services and support to federal, state, local government agencies, and commercial entities.  Doyon is a foreign profit corporation that has its principal place of business in Alaska.  Doyon carried out substantial and not isolated business activities and has employees and agents in the Southern District of Florida.

9.     Doyon employed more than 15 employees and was at all relevant times an "employer" as envisioned by Title VII and FCRA.

10.     Doyon and Akal combined to form a joined venture called Doyon Akal JV.

11.     Doyon and Akal were, at all relevant times, a joint employer and/or integrated enterprise and/or in an agency relationship.

12.     At all relevant times, Doyon was Plaintiff's employer as envisioned by Title VII and FCRA.

13.     At all relevant times, Akal was Plaintiff's employer as envisioned by Title VII and FCRA.

## CONDITIONS PRECEDENT

14.     Plaintiff duel-filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging discrimination and retaliation by Defendants based on his race and national origin, in violation of Title VII and FCRA.

15.     On September 20, 2016, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter.  A copy of the Right to Sue letter is attached as **EXHIBIT A**.

16.     Plaintiff filed his initial complaint within the applicable period of limitations.

17.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL BACKGROUND

18.     Plaintiff was employed by Defendants as a full time security officer beginning on or about September 2011.

19.     In 2009, ICE awarded Doyon Akal JV with a five-year $140 million contract to provide detention officers and other services at the Krome Service Processing Center in Miami, which is an ICE detention facility.

4

20.     Under the agreement, Doyon owned 51 percent of the joint venture, and Akal owned 49 percent of the joint venture.

21.     During his employment with Defendants, Plaintiff served as an Armed Transportation Officer/Trainer.   Plaintiff's responsibilities included transporting and maintain care and custody of high-level detainees at the Krome Service Processing Center.

22.     Throughout the duration of his employment, Plaintiff was discriminated against, harassed, and made to endure a hostile work environment because of his race, ancestry, national origin and/or ethnic characteristics.

23.     Plaintiff objected to the race/ancestry and national origin-based discrimination on numerous occasions, which includes, but is not limited to, the following:

a.   On March 16, 2012, Plaintiff submitted a written complaint to Defendants' management regarding "racial slurring and harassment," where he indicated that two officers called him a "white cracker," a "chicko," and indicated that he found this misconduct "highly discriminatory and offensive to [him] as a Latino person."   The next day, on March 17, 2012, Defendants retaliated against Abeijon and took him off the schedule, and transferred him to work on the X-Ray machines for the day, where he never previously worked.

b.   On November 16, 2012, Plaintiff submitted a written complaint to his immediate supervisor regarding the "racial slurring" and complained of "continuous racial slurring I as a Latino officer have been exposed to," which includes "being called a "white ass cracker" by other employees of

Defendants.  According to protocol, this complaint was forwarded to Captain Antoinece Beard.  However, Defendants did not investigate this complaint of discrimination, and nothing was done to resolve the illegal discrimination.

    **c.**    On January 17, 2013, Plaintiff submitted a written complaint of discrimination to Captain Antoinece Beard, Project Manager Michelle Jones, and Human Resource Generalist Karen Sinanan regarding the "continued harassment" he was made to endure by Officer Thompson, whose discrimination included Officer Thompson "continue[d] to harass [Plaintiff] and specifically call[ed] [him] 'chico' and whispers white cracker to [him] when he walks by." Plaintiff objected and advised Defendants that "as a Latino officer, I find it extremely offensive and hostile, I have reported this in the past please help."

    **d.**    On February 12, 2013, Plaintiff submitted a written complaint to Captain Beard, Project Manager Jones, and Human Resource Generalist Sinanan regarding the "racial slurring" and indicated that an Officer Jackson made a "racial remark" towards him and said that "you damn Chicos are rushing me," and indicated that he finds this statement offensive.

    **e.**    On March 24, 2013, Plaintiff submitted a written complaint to his immediate supervisor, Julio Santiago, who relayed it to Captain Beard. The complaint indicated that he was afraid for his safety as Officer Jackson, who he previously submitted discrimination complaints against, threatened him.

24.    Nothing was done to rectify the illegal discrimination and/or hostile work environment Plaintiff was made to endure and objected to on numerous occasions.

25.    In May 2013, after reporting several instances of discrimination, Plaintiff

was involuntarily transferred to transportation by Lieutenant McCullough.

26.     On July 5, 2013, Plaintiff complained of discrimination based on "racial slurring" to Defendants' supervisor in writing, and referenced that fact that he submitted "several memo's regarding the racial slurring, this continues still today and no letters or memos have been put out about this" and indicated that "other officers are not treated the same way."

27.     On July 9, 2013, an incident that took place that required Plaintiff to use force on a detainee.

28.     Shortly thereafter, Defendants placed Plaintiff on "Administrative Leave" without pay, pending the outcome of an investigatory review conducted by Defendants and ICE.

29.     Plaintiff was wrongfully terminated from employment on August 6, 2013, in retaliation to his previous discrimination complaints and based on Defendants' illegal discrimination.

30.     Defendants' purported reason for terminating Plaintiff is due to an alleged violation of the use of force policy on an incident that occurred on July 9, 2013.

31.     Several African-American officers were also involved in the July 9, 2013 incident, and also placed their hands on the subject detainee.

32.     However, the African-American officers were not required to submit memorandums and/or use of force statements in relation to the July 9, 2013 incident.

33.     It is a required standard for Defendants to document/submit use of force incidents by end of the work shift.

34.     ICE investigated the incident involving Plaintiff from July 9, 2013.

35.     According to ICE General Post Order # 5, "officers may use force and/or apply restraints when behavior constitutes an immediate, serious threat to the detainee, staff. . ."

36.     ICE found that Plaintiff did not violate the excessive use of force policy.

37.     The detainee was immediately placed in the Special Housing Unit for assaulting Plaintiff after this incident.

38.     Defendants would not have placed the detainee in the Special Housing Unit for assaulting Plaintiff unless they determined that the detainee assaulted Plaintiff.

39.     Plaintiff's immediate supervisor admitted that Plaintiff used "reasonable and necessary use of force" with respect to the July 9, 2013 incident.

40.     In fact, two other officers admitted that they needed to and did assist Plaintiff in restraining this detainee, saw the detainee slap Plaintiff's hand, and even called "officer needs assistance!" over the radio.

41.     Defendants' policy indicates that "[a]fter completion of the probationary period, no employee shall be dismissed or suspended without cause.  Just cause shall include any action or order of removal of an employee from working under the contract by the U.S. Government, or revocation of required credentials by the ICE."

42.     Plaintiff was not removed by the U.S. Government, and ICE did not revoke his credentials.

43.     All written incident reports made by officers actually present on the scene at the July 9, 2013 incident confirm that Plaintiff used reasonable and necessary force.

44.     Plaintiff was treated differently and worse than employees outside his protected group.

45.     Defendants, through the actions more specifically alleged above, affected Plaintiff in a "term, condition or privilege" of his employment as envisioned by § 703 of Title VII, 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981.

46.     Defendants' conduct was intentional, reckless, extreme, and outrageous and far exceeded the bounds of society's expectations of decency and resulted in a severe and pervasive hostile work environment.

47.     The treatment to which Defendants, through its employees, subjected Plaintiff to was based on his:

(a) being of Cuban national origin; and/or

(b) being of Hispanic race and ancestry; and/or

(c) engaging in protected activity; particularly, complaining to his supervisors, who also witnessed firsthand, the harassment he endured in his workplace based on his national origin, race, and/or ancestry.

**COUNT I:**
**FCRA CLAIM FOR RACE/NATIONAL ORIGIN DISCRIMINATION**
**AGAINST AKAL SECURITY, INC.**

48.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-47 as if fully set forth in this Count.

49.     The acts of Akal, by and through its agents and employees, violated Plaintiff's rights against discrimination based on national origin, race, and/or ancestry under Florida Civil Rights Act, Fla. Stat. Chapter 760.

50.     The discrimination/harassment and hostile work environment to which Plaintiff was subjected, was based on his national origin, race, and/or ancestry, and violated Plaintiff's rights under Florida Civil Rights Act, Fla. Stat. Chapter 760.

51.     The conduct of Akal and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52.     The conduct of Akal was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Akal, to deter it, and others, from such conduct in the future.

53.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Fla. Stat. § 760.11(5).

54.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Akal, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

55.     Issue a declaratory judgment that the discrimination against Plaintiff by Akal was a violation of Plaintiff's rights under the FCRA;

56.     Enjoin Akal and its agents from continuing to violate Plaintiff's rights under the FCRA;

57.     Grant Plaintiff a judgment against Akal for damages, including back pay, front pay, compensatory damages and punitive damages;

58.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Akal pursuant to Fla. Stat. § 760.11(5); and

59.     Provide any additional relief that this Court deems just.

## COUNT II:
## FCRA CLAIM FOR RETALIATION
## AGAINST DEFENDANT AKAL SECURITY, INC.

60.   Plaintiff realleges and adopts the allegations contained in paragraphs 1-47, as if fully set forth in this Count.

61.   The acts of Akal, by and through its agents and employees, violated Plaintiff's rights against discrimination based on national origin, race, and/or ancestry under the Florida Civil Rights Act, Fla. Stat. Chapter 760.

62.   Plaintiff objected to Akal's discrimination.

63.   Akal retaliated against Plaintiff and terminated his employment.

64.   Akal's retaliatory misconduct and hostile work environment violated Plaintiff's rights under Florida Civil Rights Act, Fla. Stat. Chapter 760.

65.   The conduct of Akal and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66.   The conduct of Akal was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Akal, to deter it, and others, from such conduct in the future.

67.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Fla. Stat. § 760.11(5).

68.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Akal which have caused, and continue to cause, irreparable harm.

11

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

69.    Issue a declaratory judgment that the adverse employment actions taken against Plaintiff by Akal were in violation of Plaintiff's rights under the FCRA;

70.    Enjoin Akal and its agents from continuing to violate Plaintiff's rights under the FCRA, and requiring that Akal make Plaintiff whole for the losses suffered as a result of Akal's retaliatory misconduct through an award of compensatory damages that includes, but is not limited to, his back pay and front pay;

71.    Grant Plaintiff a judgment against Akal for damages, including punitive damages;

72.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Akal pursuant to Fla. Stat. § 760.11(5); and

73.    Provide any additional relief that this Court deems just.

## COUNT III:
## FCRA CLAIM FOR RACE/NATIONAL ORIGIN DISCRIMINATION AGAINST DOYON GOVERNMENT CONTRACTING, INC

74.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-47 as if fully set forth in this Count.

75.    The acts of Doyon, by and through its agents and employees, violated Plaintiff's rights against discrimination based on national origin, race, and/or ancestry under Florida Civil Rights Act, Fla. Stat. Chapter 760.

76.    The discrimination/harassment and hostile work environment to which Plaintiff was subjected, was based on his national origin, race, and/or ancestry, and violated Plaintiff's rights under Florida Civil Rights Act, Fla. Stat. Chapter 760.

77.     The conduct of Doyon and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78.     The conduct of Doyon was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Doyon, to deter it, and others, from such conduct in the future.

79.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Fla. Stat. § 760.11(5).

80.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Doyon, which have caused, and continue to cause, irreparable harm.

## <u>REQUEST FOR RELIEF AS TO COUNT III</u>

WHEREFORE, Plaintiff prays that this Court will:

81.     Issue a declaratory judgment that the discrimination against Plaintiff by Doyon was a violation of Plaintiff's rights under the FCRA;

82.     Enjoin Doyon and its agents from continuing to violate Plaintiff's rights under the FCRA;

83.     Grant Plaintiff a judgment against Doyon for damages, including back pay, front pay, compensatory damages and punitive damages;

84.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Doyon pursuant to Fla. Stat. § 760.11(5); and

85.     Provide any additional relief that this Court deems just.

**COUNT IV:**
**FCRA CLAIM FOR RETALIATION AGAINST DEFENDANT,**
**DOYON GOVERNMENT CONTRACTING, INC.**

86.   Plaintiff realleges and adopts the allegations contained in paragraphs 1-47, as if fully set forth in this Count.

87.   The acts of Doyon, by and through its agents and employees, violated Plaintiff's rights against discrimination based on national origin, race, and/or ancestry under the Florida Civil Rights Act, Fla. Stat. Chapter 760.

88.   Plaintiff objected to Doyon's discrimination.

89.   Doyon retaliated against Plaintiff and terminated his employment.

90.   Doyon's retaliatory misconduct and hostile work environment violated Plaintiff's rights under Florida Civil Rights Act, Fla. Stat. Chapter 760.

91.   The conduct of Doyon and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92.   The conduct of Doyon was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Doyon, to deter it, and others, from such conduct in the future.

93.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Fla. Stat. § 760.11(5).

94.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Doyon which have caused, and continue to cause, irreparable harm.

14

## REQUEST FOR RELIEF AS TO COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

95.     Issue a declaratory judgment that the adverse employment actions taken against Plaintiff by Doyon were in violation of Plaintiff's rights under the FCRA;

96.     Enjoin Doyon and its agents from continuing to violate Plaintiff's rights under the FCRA, and requiring that Doyon make Plaintiff whole for the losses suffered as a result of Doyon's retaliatory misconduct through an award of compensatory damages that includes, but is not limited to, his back pay and front pay;

97.     Grant Plaintiff a judgment against Doyon for damages, including punitive damages;

98.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Doyon pursuant to Fla. Stat. § 760.11(5); and

99.     Provide any additional relief that this Court deems just.

## COUNT V:
## TITLE VII CLAIM FOR DISCRIMINATION AGAINST DEFENDANT, AKAL SECURITY, INC.

100.     Plaintiff realleges and adopts the allegations contained in paragraphs 1 - 47 as if fully set forth in this Count.

101.     The acts of Akal, by and through its agents and employees, violated Plaintiff's rights against race and national origin discrimination/harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

102.     The discrimination/harassment to which Plaintiff was subjected to was based on his race and national origin.

103.     The conduct of Akal and its agents and employees proximately, directly, and

15

foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

104.    The conduct of Akal was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Akal, to deter it, and others, from such conduct in the future.

105.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

106.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Akal, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT V

WHEREFORE, Plaintiff prays that this Court will:

107.    Issue a declaratory judgment that the discrimination against Plaintiff by Akal was a violation of Plaintiff's rights under Title VII;

108.    Enjoin Akal and its agents from continuing to violate Plaintiff's rights under Title VII, and requiring that Akal make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of back pay and front pay;

109.    Grant Plaintiff a judgment against Akal for damages, including compensatory damages which includes damages from lost wages and emotional pain and suffering, and punitive damages;

110.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Akal pursuant to 42 U.S.C. § 2000e-5(k); and

111.    Provide any additional relief that this Court deems just.

**COUNT VI:**
**TITLE VII CLAIM FOR RETALIATION AGAINST**
**DEFENDANT AKAL SECURITY, INC.**

112.    Plaintiffs reallege and adopt the allegations contained in paragraphs 1 - 47 as if fully set forth in this Count.

113.    The acts of Akal, through its agents and employees, violated Plaintiff's rights against race and national origin discrimination/harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

114.    Plaintiff objected to Akal's conduct.

115.    Akal retaliated against Plaintiff in their treatment of Plaintiff and, ultimately, terminated Plaintiff's employment because of his objection to Akal's unlawful conduct.

116.    Akal's harassment of Plaintiff and termination of his employment was discriminatory and/or retaliatory in nature.

117.    This retaliatory misconduct violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

118.    The conduct of Akal and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

119.    The conduct of Akal was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Akal, to deter it, and others, from such conduct in the future.

120.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation

17

expenses pursuant to 42 U.S.C. § 2000e-5(k).

121.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Akal, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT VI

WHEREFORE, Plaintiff prays that this Court will:

122.   Issue a declaratory judgment that the adverse employment action taken against Plaintiff by Akal was a violation of Plaintiff's rights under Title VII;

123.   Enjoin Akal and its agents from continuing to violate Plaintiff's rights under Title VII, and requiring that Akal make Plaintiff whole for his losses suffered as a result of its retaliatory discharge through reinstatement, or, if that is not practical, through an award of front pay and back pay;

124.   Grant Plaintiff a judgment against Akal for damages, including compensatory damages, which includes compensation for lost wages and for emotional pain and suffering, and punitive damages;

125.   Award Plaintiff his reasonable attorneys' fees and litigation expenses against Akal pursuant to 42 U.S.C. § 2000e-5(k); and

126.   Provide any additional relief that this Court deems just.

### COUNT VII:

### 42 U.S.C. § 1981 RACE/ANCESTRY DISCRIMINATION AGAINST DEFENDANT AKAL SECURITY, INC.

127.   Plaintiff realleges and adopts the allegations contained in paragraphs 1-47, as if fully set forth in this Count.

128.   The actions of Akal as alleged above had the purpose and effect of denying Plaintiff the same right to make and enforce contracts as is enjoyed by non-white citizens, in

violation of plaintiff's rights under 42 U.S.C. § 1981.

129.    The actions of Akal alleged above were intentionally and purposefully done to Plaintiff because of his race/ancestry, and resulted in a discriminatory hostile work environment and lost wages.

130.    As a direct, natural, proximate and foreseeable result of Akal's actions, Plaintiff also has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

131.    The actions of Akal are in willful and wonton disregard of the rights of Plaintiff so as to entitle Plaintiff to an award of punitive damages against Akal to punish it for its conduct and to deter it and others from such conduct in the future.

132.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988.

133.    Plaintiff, having been discriminated against by Akal, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

### REQUEST FOR RELIEF AS TO COUNT VII

WHEREFORE, Plaintiff prays that this Court will:

134.    Issue a declaratory judgment that Akal practices toward Plaintiff violated Plaintiff's rights under 42 U.S.C. § 1981;

135.    Enter a judgment for Plaintiff and against Akal for damages, including but not limited to compensatory damages, back pay, lost earnings, punitive damages, and damages to compensate Plaintiff for his emotional pain and suffering, and reinstatement and/or front pay;

136.    Grant Plaintiff his costs and reasonable attorneys' fees pursuant to 42

U.S.C. § 1988;

137.    Grant Plaintiff such other and future relief as the circumstances and law provide.

### COUNT VIII:

### 42 U.S.C. § 1981 RACE/ANCESTRY RETALIATION AGAINST DEFENDANT AKAL SECURITY, INC.

138.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-47, as if fully set forth in this Count.

139.    The acts of Akal, through its employees, as more particularly alleged above, including Plaintiff's termination, violated Plaintiff's rights against retaliation under 42 U.S.C. § 1981, which retaliation is implicitly proscribed by § 1981, for opposing what he reasonably believed to be discrimination based on race/ancestry.

140.    As a direct, natural, proximate and foreseeable result of the actions of Akal, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

141.    The conduct of Akal was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle him to an award of exemplary/punitive damages against Akal, to deter them, and others, from such conduct in the future.

142.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Akal, which have caused, and continue to cause, irreparable harm.

143.    Plaintiff is entitled, pursuant to 42 U.S.C. § 1988, to recover his attorneys' fees and litigation expenses.

<u>**REQUEST FOR RELIEF AS TO COUNT VIII**</u>

WHEREFORE, Plaintiff prays that this Court will:

144.    Issue a declaratory judgment that Akal practices toward Plaintiff violated Plaintiff's rights under 42 U.S.C. § 1981;

145.    Enter a judgment for Plaintiff and against Akal for damages, including but not limited to compensatory damages, back pay, lost earnings and benefits, punitive damages, lost earnings, damages to compensate Plaintiff for his emotional pain and suffering, and reinstatement and/or front pay;

146.    Grant Plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

147.    Grant Plaintiff such other and further relief as the circumstances and law provide.

**COUNT IX**
**TITLE VII CLAIM FOR DISCRIMINATION AGAINST DEFENDANT,**
<u>**DOYON GOVERNMENT CONTRACTING, INC.**</u>

148.    Plaintiff realleges and adopts the allegations contained in paragraphs 1 – 47 as if fully set forth in this Count.

149.    The acts of Doyon, by and through its agents and employees, violated Plaintiff's rights against national origin discrimination/harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

150.    The discrimination/harassment to which Plaintiff was subjected to was based on his race and national origin.

151.    The conduct of Doyon and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits,

future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

152.    The conduct of Doyon was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Doyon, to deter it, and others, from such conduct in the future.

153.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

154.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Doyon, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT IX

WHEREFORE, Plaintiff prays that this Court will:

155.    Issue a declaratory judgment that the discrimination against Plaintiff by Doyon was a violation of Plaintiff's rights under Title VII;

156.    Enjoin Doyon and its agents from continuing to violate Plaintiff's rights under Title VII, and requiring that Doyon make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of back pay and front pay;

157.    Grant Plaintiff a judgment against Doyon for damages, including compensatory damages which includes damages from lost wages and emotional pain and suffering, and punitive damages;

158.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Doyon pursuant to 42 U.S.C. § 2000e-5(k); and

159.    Provide any additional relief that this Court deems just.

## COUNT X
## TITLE VII CLAIM FOR RETALIATION AGAINST DEFENDANT
## <u>DOYON GOVERNMENT CONTRACTING, INC.</u>

160.    Plaintiffs realleges and adopts the allegations contained in paragraphs 1 - 47 as if fully set forth in this Count.

161.    The acts of Doyon, by and through its agents and employees, violated Plaintiff's rights against race and national origin discrimination/harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

162.    Plaintiff objected to Doyon's conduct.

163.    Doyon retaliated against Plaintiff in their treatment of Plaintiff and, ultimately, terminated Plaintiff's employment because of his objection to Doyon's unlawful conduct.

164.    Doyon's harassment of Plaintiff and termination of his employment was discriminatory and/or retaliatory in nature.

165.    This retaliatory misconduct violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

166.    The conduct of Doyon and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

167.    The conduct of Doyon was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Doyon, to deter it, and others, from such conduct in the future.

168.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation

expenses pursuant to 42 U.S.C. § 2000e-5(k).

169.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Doyon, which have caused, and continue to cause, irreparable harm.

<u>**REQUEST FOR RELIEF AS TO COUNT X**</u>

WHEREFORE, Plaintiff prays that this Court will:

170.    Issue a declaratory judgment that the adverse employment action taken against Plaintiff by Doyon was a violation of Plaintiff's rights under Title VII;

171.    Enjoin Doyon and its agents from continuing to violate Plaintiff's rights under Title VII, and requiring that Doyon make Plaintiff whole for his losses suffered as a result of its retaliatory discharge through reinstatement, or, if that is not practical, through an award of front pay and back pay;

172.    Grant Plaintiff a judgment against Doyon for damages, including compensatory damages, which includes compensation for lost wages and for emotional pain and suffering, and punitive damages;

173.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Akal pursuant to 42 U.S.C. § 2000e-5(k); and

174.    Provide any additional relief that this Court deems just.

**COUNT XI**

**42 U.S.C. § 1981 RACE/ ANCESTRY DISCRIMINATION AGAINST**
<u>**DEFENDANT, DOYON GOVERNMENT CONTRACTING, INC.**</u>

175.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-47, as if fully set forth in this Count.

176.    The actions of Doyon as alleged above had the purpose and effect of denying Plaintiff the same right to make and enforce contracts as is enjoyed by non-white citizens, in

violation of plaintiff's rights under 42 U.S.C. § 1981.

177.    The actions of Doyon alleged above were intentionally and purposefully done to Plaintiff because of his race/ancestry, and resulted in a discriminatory hostile work environment and lost wages.

178.    As a direct, natural, proximate and foreseeable result of Doyon's actions, Plaintiff also has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

179.    The actions of Doyon are in willful and wonton disregard of the rights of Plaintiff so as to entitle Plaintiff to an award of punitive damages against Doyon to punish it for its conduct and to deter it and others from such conduct in the future.

180.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988.

181.    Plaintiff, having been discriminated against by Doyon, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## REQUEST FOR RELIEF AS TO COUNT XI

WHEREFORE, Plaintiff prays that this Court will:

182.    Issue a declaratory judgment that Doyon practices toward Plaintiff violated Plaintiff's rights under 42 U.S.C. § 1981;

183.    Enter a judgment for Plaintiff and against Doyon for damages, including but not limited to compensatory damages, back pay, lost earnings, punitive damages, and damages to compensate Plaintiff for his emotional pain and suffering, and reinstatement and/or front pay;

184.    Grant Plaintiff his costs and reasonable attorneys' fees pursuant to 42

U.S.C. § 1988;

185.    Grant Plaintiff such other and future relief as the circumstances and law provide.

## COUNT XII

### 42 U.S.C. § 1981 RACE/ANCESTRY RETALIATION AGAINST DEFENDANT, DOYON GOVERNMENT CONTRACTING, INC.

186.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-47, as if fully set forth in this Count.

187.    The acts of Doyon, through its employees, as more particularly alleged above, including Plaintiff's termination, violated Plaintiff's rights against retaliation under 42 U.S.C. § 1981, which retaliation is implicitly proscribed by § 1981, for opposing what he reasonably believed to be discrimination based on race/ancestry.

188.    As a direct, natural, proximate and foreseeable result of the actions of Akal, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

189.    The conduct of Doyon was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle him to an award of exemplary/punitive damages against Doyon, to deter them, and others, from such conduct in the future.

190.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Akal, which have caused, and continue to cause, irreparable harm.

191.    Plaintiff is entitled, pursuant to 42 U.S.C. § 1988, to recover his attorneys' fees and litigation expenses.

## REQUEST FOR RELIEF AS TO COUNT XII

WHEREFORE, Plaintiff prays that this Court will:

192.   Issue a declaratory judgment that Doyon practices toward Plaintiff violated Plaintiff's rights under 42 U.S.C. § 1981;

193.   Enter a judgment for Plaintiff and against Doyon for damages, including but not limited to compensatory damages, back pay, lost earnings and benefits, punitive damages, lost earnings, damages to compensate Plaintiff for his emotional pain and suffering, and reinstatement and/or front pay;

194.   Grant Plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

195.   Grant Plaintiff such other and further relief as the circumstances and law provide.

## DEMAND FOR JURY TRIAL

Abeijon hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 19th day of December, 2016.

Respectfully submitted,


    */s/ Michael N. Hanna*_____
Michael Hanna, Esquire
FL Bar No.: 85035
MORGAN & MORGAN, P.A.
600 North Pine Island Road
Suite 400
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: Mhanna@forthepeople.com

**Trial Counsel for Plaintiff**

27